UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4593

MARILYN HARPER SMITH STAFFORD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Terrence W. Boyle, Chief District Judge.
(CR-97-28)

Submitted: January 19, 1999

Decided: March 22, 1999

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Robert H. Hale, Jr.,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marilyn Harper Smith Stafford appeals from the district court's order revoking her supervised release and imposing an additional term of imprisonment. We affirm.

Approximately one month after Stafford's release from prison where she was serving a sentence for possession of stolen property, her probation officer filed a petition to revoke Stafford's supervised release. The probation officer alleged that Stafford had violated four conditions of her supervised release: (i) based on a positive urinalysis, she possessed cocaine; (ii) she failed to report to the probation officer as directed; (iii) she failed to report a change of employment within seventy-two hours; and (iv) she absconded supervision. Stafford admitted the violations at the revocation hearing. The court revoked Stafford's supervised release and sentenced her to a twelve-month term of imprisonment.

On appeal, Stafford challenges the district court's revocation of her supervised release, contending that the court did not make an express finding regarding whether the availability of a substance abuse treatment program warranted an exception to the mandatory imprisonment rule of 18 U.S.C. § 3583(g) (1994). Because Stafford did not assert her present claim in the district court, we review only for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993).

The district court must revoke the supervised release of a defendant who has violated one of the conditions of supervised release by possessing a controlled substance, and Stafford admitted to having possessed cocaine. See 18 U.S.C. § 3583(g). In such revocation cases, district courts are to consider whether "the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs" warrants a departure from § 3583(g)'s

2

mandatory revocation rule. <u>See</u> 18 U.S.C.A.§ 3583(d) (West Supp. 1998); <u>see also U.S. Sentencing Guidelines Manual</u> § 7B1.4, comment. (n.6) (1997). It was not plain error for the district court not to have made an express finding as to this consideration. <u>See United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995) ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Accordingly, we affirm the revocation of supervised release and the imposition of a twelve-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>